IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AIMEE J. WRIGHT,

        Plaintiff,

                        3:14-CV-01861-PK

v.                              OPINION AND ORDER

UNITED STATES and TUALITY
COMMUNITY HOSPITAL,

        Defendants.

---

PAPAK, Magistrate Judge:

       Plaintiff *pro se* Aimee J. Wright filed this action against defendants Tuality Community Hospital and the United States ("Defendants") alleging malpractice and personal injury as a result of allegedly negligent medical treatment in connection with Wright's labor and delivery at the facilities of defendant Tuality Community Hospital.

       Before the court is the United States' Motion to Dismiss for Lack of Subject Matter

Page 1 - OPINION AND ORDER

Jurisdiction (#8) pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States moves on the basis that Wright has failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). I have considered the motion and all of the pleadings on file under the liberal pleading standards afforded to the filings of a *pro se* plaintiff. For the reasons that follow, the United States' motion to dismiss is granted and Wright's claims against the United States are dismissed. Additionally Wright's claims against Tuality are remanded to state court.

## BACKGROUND

On July 10, 2014, Wright filed this medical malpractice action in the Washington County Circuit Court for the State of Oregon (#1). In her complaint, Wright alleges that she received medical care at Tuality Community Hospital, specifically from Dr. Michael J. Schiferl, MD. Complaint, #1-1, ¶ 4. Wright alleges that Dr. Schiferl was negligent in providing her care and that Wright was injured as a result of that negligence. *Id.* at ¶ 10.

The United States removed to this court on November 21, 2014 (#1), and substituted itself as a defendant in this action in the place of Dr. Schiferl and Tuality Community Hospital (#5), as it deems Dr. Schiferl a federal employee and deemed Tuality a federal entity pursuant to the Federally Supported Health Centers Assistance Act of 1992. 42 U.S.C. § 233(a) and (g). The United States later filed a correction to that motion (#7) wherein it redacted its attempt to substitute itself for Tuality Community Hospital, noting that it erred in deeming Tuality a federal entity.

On December 11, 2014, the United States filed this motion to dismiss Wright's claims against it for lack of subject matter jurisdiction (#8). On February 4, 2015, this court issued a scheduling order (#12) imposing a deadline of February 23, 2015, upon Wright for any response

Page 2 - OPINION AND ORDER

to the United States' motion. Despite notice sent to Wright (#13), entered the same day as this court's order, Wright did not submit a response to the United States' motion. This matter is now ready for decision.

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778–779 (9th Cir. 2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows for a defendant to challenge subject matter jurisdiction.

A motion under Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a facial attack on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction. Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003). By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373

F.3d at 1039 (citing *Savage*, 343 F.3d at 1039 n. 2). The court "need not presume the truthfulness of the plaintiff's allegations" and the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (citing *White*, 227 F.3d at 1242; *Savage*, 343 F.3d at 1039 n. 2.)

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir. 2002) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

## II.   *Sua Sponte* Dismissal for Lack of Subject-Matter Jurisdiction

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction").

## III.   Filings of a *Pro Se* Plaintiff

This court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Page 4 - OPINION AND ORDER

This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendant United States moves to dismiss Wright's claims brought against it on the basis that Wright has not exhausted administrative remedies available to her under the FTCA. 28 U.S.C. § 2675(a). The United States argues that exhausting those remedies is a jurisdictional prerequisite to Wright's federal claim. I address this issue below.

### I.    Tort Claims

The Ninth Circuit considers the doctrine of sovereign immunity an important limitation on the subject matter jurisdiction of federal courts. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007). Unless Wright satisfies the burden of establishing that this action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed. *Id.* at 1088. The Supreme Court has held "that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).

The Federal Tort Claims Act (FTCA) sets out the limited circumstances in which the government waives its sovereign immunity for tort suits:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission

> of any employee of the Government while acting within the scope
> of his office or employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by
> certified or registered mail. The failure of an agency to make final
> disposition of a claim within six months after it is filed shall, at the
> option of the claimant any time thereafter, be deemed a final denial
> of the claim for purposes of this section.

28 U.S.C. § 2675(a). The requirement to file an administrative claim is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Federal regulations dictate that a tort claim is deemed to have been presented when: "a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . ." 28 C.F.R. § 14.2.

Wright does not allege executing a Standard Form 95, nor does she assert drafting and sending any written notification of the incident at issue. *See generally* Complaint, #1-1. As a result, the United States mounts a factual challenge to the court's subject matter jurisdiction. The United States provides a declaration from Meredith Torres, a Senior Attorney in the Department of Health and Human Services ("HHS") Office of General Counsel, attesting that the HHS has no record of receiving any FTCA claim from Wright pertaining to this dispute. Torres Dec., #8-1, ¶ 4. Wright does not respond to the factual challenge posed by the United States nor does she contend that she has satisfied the rigors of the FTCA.

Because Wright has not exhausted her administrative remedies under the FTCA, this court lacks subject matter jurisdiction over Wright's claims against the United States. Thus,

Wright's claims against the United States are dismissed without prejudice.

## II. Efficacy of Amendment

The Court must permit a *pro se* litigant the opportunity to correct the deficiencies of her complaint unless it is clear those deficiencies cannot be cured by amendment. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir.1987). Since it is possible that Wright can amend her complaint to allege sufficient facts supporting subject matter jurisdiction by properly exhausting her administrative remedies under the FTCA and thereby rebutting the factual dispute raised by the United States, Wright's action against the United States is dismissed without prejudice.

## III. Claims Against Tuality Community Hospital Remanded to State Court

Wright's complaint contains no cause of action arising under, or that contains any reference to, any federal statute or the Constitution. In consequence, this court lacks federal question jurisdiction over Wright's surviving medical malpractice claim against Tuality Community Hospital. 28 U.S.C. § 1331. Additionally, Wright is a citizen of Oregon and Tuality Community Hospital is located in Washington County, Oregon. Complaint, #1-1, ¶¶ 1, 3. Thus, this court does not have diversity jurisdiction over Wright's claims against Tuality Community Hospital pursuant to 28 U.S.C. § 1332. Accordingly, this court lacks subject-matter jurisdiction over Wright's claims.

As noted above, Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions*, 505 F.2d at 280.

The Ninth Circuit has made clear that the district court may, in its discretion, remand or

dismiss an action in which all federal claims have been withdrawn or dismissed. *See, e.g., Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (the district court did not abuse its discretion when it declined to remand a matter to state court after all federal claims had been dismissed). While this matter has been pending in this Court for a number of months, the United States' erroneous deeming of Tuality as well as the fact that Wright brings this action *pro se* lend to a sound basis for remand of Wright's claims against Tuality. Further, Wright's claims against Tutality involve only questions of state law.

Thus, I decline to exercise supplemental jurisdiction over Wright's remaining claims and I must therefore determine whether to dismiss this action or to remand it to state court. Reliable jurisprudence shows a preference for remand, rather than dismissal, in situations similar to those in the instant case. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988) (favoring remand as opposed to dismissal, as dismissal potentially increases both the expense and inconvenience involved in enforcing state law due to repetitive filing requirements).

For all of these reasons, Wright's claims against Tuality Community Hospital are remanded to state court.

## CONCLUSION

Consistent with the foregoing, the United States' motion to dismiss (#8) is granted and Wright's claims against the United States are dismissed without prejudice for lack of subject matter jurisdiction in this court under Rule 12(b)(1).

///

///

///

Page 8 - OPINION AND ORDER

Additionally, Wright's remaining claims against Tuality Community Hospital are remanded to state court.

IT IS SO ORDERED.

Dated this 27th day of April, 2015.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge